I concur with the majority's first four Conclusions of Law. However, I respectfully disagree with the reduction of the award. There is no dispute that the plaintiff suffered a fall that resulted in a lump on his head and headaches. As such, the majority awarded the plaintiff $10,000.00. However, plaintiff's fall from the transfer van also caused permanent disabling vision loss.
I respectfully disagree with the majority's concluding that $10,000.00 is a reasonable sum to compensate the plaintiff for all of his damages. The majority assigned more weight to the opinion of Dr. Viscardi, an ophthalmologist, than that of Dr. Toler, an optometrist. The majority also found that plaintiff did not suffer traumatic optic neuropathy as a result of the March 24, 2004 incident.
Dr. Viscardi's testimony should be given little or no weight in this matter. First, Dr. Viscardi was only hired by the defendant to conduct a records review and render his opinion. He never examined, treated, or observed the plaintiff. Also, Dr. Viscardi himself testified that in order to diagnose optic atrophy, you must visualize the optic nerve looking for paleness. In fact, Dr. Viscardi stated that visualizing the optic nerve was the best way to make the diagnosis. Yet, Dr. Viscardi only reviewed plaintiff's medical records and never saw him in person to observe his optic nerves. Finally, Dr. Viscardi stated that a person's history is crucial for this type of diagnosis because there can be multiple causes of optic atrophy. Here again, Dr. Viscardi did not *Page 12 
examine the plaintiff to take down his personal history before forming an opinion about his diagnosis.
The opinion of Dr. Toler regarding plaintiff's diagnosis of optic atrophy should be given more weight as Dr. Toler was the primary care provider for this condition and his treatment was provided in closest proximity to the time of the incident. Dr. Toler is a licensed optometrist and works part time as a contract optometrist for the North Carolina Department of Corrections. Dr. Toler treated plaintiff for permanent, severe, progressive vision loss. Dr. Toler testified to a reasonable degree of medical certainty that it was more likely that not the head injury that caused the optic atrophy and visual changes with which Mr. Dubose was diagnosed.
For these reasons, I believe that the Full Commission should not have reduced the plaintiff's award granted by Deputy Commissioner Wanda Taylor.
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1